## Case No. 12,023.

### ROGERS v. WINSOR.

[6 N. B. R. 246.][1]

District Court D. Rhode Island. Feb. 22, 1872.

BANKRUPTCY — RIGHTS OF ASSIGNEE — BOOKS OF ACCOUNT—CONVEYANCES BY BANKRUPT.

1. The assignee in bankruptcy can claim only such interest and right in any property as the bankrupt could have claimed at the filing of the petition by or against him. Hence where the bankrupt has made conveyances by which his books of account pass to an assignee of his own selection, the assignee in bankruptcy cannot claim them until such conveyances are shown to have been fraudulent and void.

[Cited in Re McKenna, 9 Fed. 34.]

2. To obtain possession of such books, an assignee must proceed by a bill in equity or action at law, in which the validity of said conveyances can be tested, and not by simple petition.

In bankruptcy.

Horatio Rogers and B. N. Lapham, for petitioner.

Geo. H. Browne and James Tillinghast, for respondent.

KNOWLES, District Judge. The questions raised upon this petition, though seemingly of a novel character, will be found, I incline to believe, virtually settled in this district, if in no other, by reported adjudications of both Shepley, C. J., and Clifford, J., of the supreme court. The facts to be kept in view are substantially these:

On the sixth of September, eighteen hundred and seventy-one, a creditor's petition in bankruptcy was filed by Daniel W. Ford, against Gardner S. Hall and Robert I. Getty, formerly copartners as G. S. Hall & Co., upon which the said Hall and Getty, both as copartners and as individuals, were adjudged bankrupt on the seventeenth of January, eighteen hundred and seventy-two. In due course of proceedings Horatio Rogers, Esq., was appointed assignee of the bankrupts, who, on the nineteenth of February, presented to the court at chambers, the petition now under consideration, which was on the following day called for hearing. The party respondent thereto, with his counsel, appearing in opposition. The petition, which was verified by the petitioner's oath, (omitting the specifications of books and papers and merely formal portions) was in the terms following:

"Horatio Rogers, assignee in bankruptcy of Gardner S. Hall and Robert I. Getty, individually and as co-partners, under the name of G. S. Hall & Co., who have heretofore been adjudged bankrupts on creditor's petition by this honorable court, respectfully represents: That the books of account and papers of said firm of G. S. Hall & Co., viz. * * * are all now in the custody and possession of one James A. Winsor, of the city and county of Providence, in said district, a member of the firm of Parsons, Bugbee & Co.; that he has demanded from said Winsor, all of said books of account and papers; that said Winsor refuses to surrender possession of the same, pretending to have a right to retain the custody of the same against your petitioner as such assignee in bankruptcy, by virtue of two deeds of assignment (so-called) to him, copies whereof are hereto annexed, marked 'A' and 'B' re-

---

[1] [Reprinted by permission.]

spectively. One whereof is executed by said G. S. Hall, both in the name of the late firm of G. S. Hall & Co., as well as in his own proper name, said firm having, at the date of the execution thereof been dissolved; and the other whereof is executed by the said G. S. Hall, the first whereof was dated on the thirteenth day of May, eighteen hundred and seventy-one, and the other whereof was executed on the twenty-third day of May, eighteen hundred and seventy-one, and both being executed and dated less than four months before the filing of the petition against said bankrupts, upon which they were adjudged bankrupt, and which said so-called deeds of assignment your petitioner represents are void, having been made in fraud of the provisions of the act to establish a uniform system of bankruptcy throughout the United States, and of the creditors of said bankrupts, and of your petitioner as such assignee. Wherefore he prays that said Winsor may be required by the order of this honorable court to deliver up to him all of the aforenamed books of account and papers, and all other books of account and papers relating to the business or property of said G. S. Hall and Robert I. Getty, individually, or as copartners as G. S. Hall & Co. (Signed) Horatio Rogers, Assignee," &c.

The deed A referred to purports to convey to said Winsor certain specified personal property of the firm, including in terms "all debts due the firm and the evidences thereof;" and the deed B purports to convey to him all the said Hall's interest in the same property, and also certain other specified property belonging to him individually, including in terms "all books of account and other evidences of debt and credits of every name and nature pertaining to" the business of the firm. The two conveyances are respectively, expressly "in trust," vesting the grantee with absolute power of disposal and prescribing to what purposes the proceeds shall be appropriated—a leading purpose in each being to secure and indemnify the grantee, Winsor, and his firm (Parsons, Bugbee & Co.) against loss on any claims then existing or that might thereafter, within two years, accrue in their favor against the said Hall & Co., or the said Hall individually. Upon the facts stated in his petition, and shown or evidenced by the said deeds, the petitioner proffering no further or other proofs, contends that the order prayed for should be granted, in conformity (as argued) with the letter and spirit of the fourteenth section of the bankrupt act, citing as of signal pertinency and of irresistible cogency, an independent and unqualified sentence therefrom in these words: "No person shall be entitled, as against the assignee, to withhold from him possession of any books of account of the bankrupt, or claim any lien thereon." The intent of the legislator in employing these emphatic words, was, he maintains, to assure to an assignee in bankruptcy the possession and use of the bankrupt's books of account, at as early a day as practicable, and to render it impossible, without violation of law, for a bankrupt by any form of conveyance, or by collusion or confederacy, or any conceivable design, to conceal or withhold such books from him. Between books of account and property of any other species, he further maintains, this sentence of the act establishes a distinction which the court is bound to recognize, and in view of which it ought, as of course, to order any holder of a bankrupt's books of account to surrender them to an assignee upon his motion or petition merely in court or at chambers—and this, although for possession of property of any other description, in which an adverse interest is claimed by a stranger or grantee of a bankrupt, such assignee would be compelled to have recourse to "due process of law," i. e., a suit in equity or action at law—under the reported adjudications in this district, and by the supreme court of the United States. Knight v. Cheney [Case No. 7,883]; Smith v. Mason [14 Wall. (81 U. S.) 419].

In answer to this claim and this reasoning of the petitioner, the learned counsel of the respondent, proffering no proofs upon any point, says:

Firstly. That the "deeds, books and papers," which pass to an assignee under the provisions of the first sentence of section fourteen of the bankrupt act, are simply and merely such as "relate to" the property and estate which vests in the assignee by virtue of the proceedings in bankruptcy; and that as the respondent Winsor claims, and is prepared to assert and maintain, that none of the property now in his hands, and to which the books and papers in controversy "relate" did, or could vest in the assignee, having for about four months prior to the commencement of proceedings in bankruptcy been in his possession, under conveyances claimed to be valid and unimpeachable, this demand for books, papers and deeds is manifestly not sustainable—even had the court the power, upon the mere petition of the assignee, to pass upon the antagonising claims of the petitioner and the respondent. But, if this position be adjudged untenable, they say:

Secondly. That by the settled law in this district, save in cases of attachment and cases affected by fraud, the assignee in bankruptcy can claim in any property only such interest and right as the bankrupt himself could have claimed at the filing of the petition by or against him—citing in support of this proposition, Potter v. Coggeshall [Case No. 11,322], and same case (revision by Shepley, C. J.,) Coggeshall v. Potter [Id. 2,955]. and other cases. And in view of this state of the law, contending that until the conveyances A and B shall be shown to have been fraudulent, and therefore void, the respondent's right to the books and papers in question is as perfect, to all intents as against

the assignee, as his right to any chattels in his possession, inherited from his grandsire or purchased in open market fifty years ago. And furthermore they say.

Thirdly. That whether or not books of account are distinguishable from other kinds of property as contended by the petitioner, an assignee is precluded from seeking to obtain possession of them under the circumstances of the case by a simple petition. The law, say they, as now settled by the decisions in Knight v. Cheney [supra], and Smith v. Mason [supra], forbids a court's assuming to pass upon the conflicting claims of the petitioner and the respondent to either the absolute ownership or the possession of the books in question, until its judgment shall have been invoked by a bill in equity or action at law, in which the validity of said conveyances A and B can be tested upon bill, answers and proofs, or upon issues, to a jury. These conveyances, the respondent avers, are unimpeachable in any "forum and under any law—vesting in him an impregnable title to all and singular the goods, chattels, books and evidences of debt enumerated and described in them, as he is confident will be made apparent whenever he shall be called on in the proper manner to assert or defend that title." Until then, he adds, as he is assured and believes, he can securely rest upon the indisputable fact, that for a period of about four months prior to the commencement of proceedings in bankruptcy against his grantors, he was legally in the possession, undisturbed and unquestioned, of the books, papers and evidences of debt, which the assignee is now seeking to wrest from him, not by "due process of law," but by a course of proceeding never to be favored, nor even to be allowed save in cases wholly free from doubt, as well of the necessity, as of the regularity of such a course.

Upon the question presented, my judgment must be in favor of the respondent, as I cannot but regard his second and third objections as tenable and insuperable, whatever may be said of the pertinency or tenableness of the first. On the other hand, to sustain the position and claim of the petitioner, were, in my view, to misconstrue the provisions of the fourteenth section of the bankrupt act, and to ignore or dissent from the well-reasoned opinions, as authoritatively promulgated, of the judges of this circuit to whose decisions I am bound to defer and conform, and to whom it is a satisfaction to remember the petitioner may, with little delay and at trivial expense, apply at any time, at chambers or in court, for a revision and reversal of this decision.

The petition is dismissed.